UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00464-FDW-DSC

| | | |
|---|---|---|
| REGINA BOSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| I.C. SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 3) filed September 10, 2021. Defendant's Motion is now ripe for review, and, for the reasons set forth below, Defendant's Motion to Dismiss (Doc. No. 3) is GRANTED.

## I.     BACKGROUND

On August 4, 2021, Plaintiff Regina Boston filed a complaint in small claims court for Mecklenburg Court, North Carolina against Defendant I.C. System, Inc., and, on September 3, 2021, Defendant filed a Notice of Removal to this Court.  (Doc. No. 3-1, p. 1).  In her Complaint, Plaintiff asserts Defendant violated several subsections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "**FDCPA**") as well as North Carolina's consumer protection statutes, N.C.G.S. § 75-50 *et seq*.  (Doc. No. 1-2, p. 5) (the "**NCDCA**").  Specifically, without providing any factual context, Plaintiff asserts "Defendant is liable to [Plaintiff] per 15 USC 1692k and N.C.G.S. 75-56(a)-(d)."  Id.  Instead of including factual allegations to support her claims, Plaintiff, in her Complaint, merely states, in pertinent part, as follows:

Defendant has violated [Plaintiff's] rights by its conduct by stating in violation of 15 USC 1692b(2) consumer owes a debt per 15 USC 1692a(5) [sic] N.C.G.S. 75-50(2) via a

1

communication per 15 USC 1692(a)(2) being a consumer credit report.

Defendant has further caused [Plaintiff] harm or injury via its conduct per the following: [N.C.G.S. §§ 75-51 through 75-55]"

Id.

Defendant filed its Motion to Dismiss on September 10, 2021 (Doc. No. 3). This Court entered a Roseboro Notice on October 19, 2021, notifying Plaintiff of her right to respond to Defendant's Motion and extending the deadline by which Plaintiff could respond by twenty-one (21) days, up to and including November 9, 2021. (Doc. No. 6). As of the date of this Order, Plaintiff has failed to respond.

## II.     STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's Complaint (Doc. No. 1) for failure to satisfy Rule 8(a)(2) pleading requirements and failure to state a claim upon which relief can be granted as required by Rule 12(b)(6). Rule 8(a)(2) requires, in pertinent part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Rule 8 requires "more than an unadorned, the defendant-unlawfully harmed me accusation," but instead requires a heightened notice pleading requirement. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To meet this heightened pleading requirement, Plaintiff's pleading must have "sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (citing Twombly, 550 U.S. at 556). In other words, to satisfy Rule 8, the complaint must "give the defendant fair notice of what the… claim is and the grounds upon which it rests." Twombly, 550 U.S. at 545.

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'". Iqbal, 556 U.S. at 678 (citing Twombly at 570). While

2

the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, though, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### III.    ANALYSIS

Here, Plaintiff's Complaint, even when liberally construed, fails to sufficiently plead grounds for relief under both the FDCPA and the NCDCA. Plaintiff's Complaint is completely devoid of any factual allegations to support the claims she asserts and, instead, merely recites conclusory statements referencing subsections of the FDCPA and the NCDCA. Indeed, Defendant asserts, and the Court agrees, that the only sentence that vaguely resembles a factual allegation, "Defendant has violated [Plaintiff's] rights by its conduct by stating in violation of 15 USC 1692b(2) consumer owes a debt per 15 USC 1692a(5) [sic] N.C.G.S. 75-50(2) via a communication per 15 USC 1692(a)(2) being a consumer credit report", (Doc. No. 1, p. 5), is merely "a legal conclusion guised as a factual allegation" (Doc. No. 3-1, p. 5). Accordingly, Plaintiff's Complaint does not have sufficient factual content that allows the Court to draw the reasonable inference that Defendant is liable for violations

3

of the FDCPA and the NCDCA, see Iqbal, 556 U.S. at 663 (citing Twombly, 550 U.S. at 556), and

Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rules 8(a)(2) and 12(b)(6) must be

GRANTED.

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 3) is

GRANTED and Plaintiff's Complaint (Doc. No. 1-2) is DISMISSED without prejudice.  The

Clerk is respectfully directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: November 17, 2021

_____

Frank D. Whitney
United States District Judge

4